RAM, by Its Executive Director THERESA FUNICIELLO, on Behalf of Its Members and All Others Similarly Situated, et al., Appellants, v BARBARA B. BLUM, Individually and as Commissioner of the New York State Department of Social Services, Respondent.

First Department, November 13, 1980

#### APPEARANCES OF COUNSEL

*Ralph Murphy, Michael D. Kaufman, Cynthia Mann, John C. Gray, Jr.* and *Yvonne Lewis* for appellants.

*Marvellen Weinberg* of counsel *(George D. Zuckerman* with her on the brief; *Robert Abrams, Attorney-General,* attorney), for respondent.

#### OPINION OF THE COURT

Ross, J.

I would affirm the judgment appealed from. We are invited to intervene in a domain which is the exclusive responsibility of the Legislature. We decline. The Constitution of the State of New York grants to the Legislature the authority to establish the public assistance formula for this State. Section 1 of article XVII provides: "The aid, care

and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such a manner and by such means, as the legislature may from time to time determine."

The language of this section clearly and convincingly places the burden of establishing and maintaining public assistance in the legislative body. It ill behooves us to venture into an area from which we are constitutionally excluded.

Accordingly, judgment, Supreme Court, New York County, (WALLACH, J.) entered March 25, 1980, which granted the motion of defendant-respondent Commissioner of New York State Department of Social Services to dismiss the complaint, should be affirmed, without costs and without disbursements.

FEIN, J. (concurring). In this action brought by plaintiff RAM, an unincorporated association whose members are recipients of public assistance, and by 14 individual welfare recipients, plaintiffs seek (1) a declaration that the welfare payment levels prescribed by section 131-a of the Social Services Law violate section 1 of article XVII of the New York Constitution and the due process clauses of the United States and New York Constitutions because the statute lacks a "methodology to adjust the 'standard of need' and benefit levels to account for inflation" and fails to set the "standard of need" and benefit levels to meet basic subsistence needs; (2) a declaration that the Commissioner of the New York State Department of Social Services has a duty under subdivision 1 of section 62 of the Social Services Law to provide public assistance at a level sufficient to meet subsistence needs, and in violation of her legal duty has failed to do so; and (3) an appropriate injunction to enforce such declarations.

In essence the issue is whether the failure of the Legislature to increase the flat grant benefit levels since the enactment of section 131-a of the Social Services Law in 1974 to reflect inflation violates the constitutional mandate imposed by section 1 of article XVII of the New York Constitution, which provides: "The aid, care and support of the needy are public concerns and shall be provided by the state

and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine."

The legislative history of the adoption of section 1 of article XVII of the New York Constitution demonstrates that its purpose was "to remove all doubt as to the power of the Legislature to authorize relief for those in need and to allocate responsibility therefor to the State and its political subdivisions." (2 Revised Record of Constitutional Convention of N.Y., 1938, p 1085.)

A prior draft proposed that the obligation of the State be to provide care and support "in such manner and by such means as will ensure maintenance to the inhabitants of this state." (1 Proposed Amendments of Constitutional Convention of N.Y., 1938, No. 64.) The ultimate choice of language makes it manifest that the intention was to confer power and discretion upon the Legislature, without imposing as a standard or guide an express duty of the Legislature to "ensure maintenance". The purpose was to mandate beyond doubt the previously questioned power and duty of the State to provide care and support for the needy. As stated in *Tucker v Toia* (43 NY2d 1, 7) "[i]n New York State, the provision for assistance to the needy is not a matter of legislative grace; rather, it is specifically mandated by our Constitution."

In *Matter of Bernstein v Toia* (43 NY2d 437, 449) the court recognized that the Constitution intended to impose discretion upon the Legislature to determine the amount of aid. "We explicitly recognized in *Tucker* that the Legislature is vested with discretion to determine the amount of aid; what we there held prohibited was the Legislature's 'simply refusing to aid those whom it has classified as needy.' " In the face of these holdings, it cannot be concluded that the failure of the Legislature to increase the flat grant minimum subsistence grants "to reflect changes in the cost of living" since 1974 constitutes a violation of the constitutional mandate, as contended by plaintiffs. The Constitution imposes the duty of determination upon and grants discretion to the Legislature, not the courts. The constitutional language must be given its ordinary, natural and plain meaning. *(People v Carroll,* 3 NY2d 686, 689.)

The pertinent legislation evidences a carefully considered program of aid. Section 131-a of the Social Services Law provides for two types of allowances: (1) a "flat grant" or "pre-add" allowance intended to meet most items of need varying by family size; and (2) a limited number of special grants for specified items of need such as shelter and fuel for heating, available up to certain maximum amounts only on an "as needed basis" (Social Services Law § 131-a, subd 1; *Baumes v Lavine*, 38 NY2d 296). The "flat grant" system has been sustained. *(Rosado v Wyman*, 397 US 397, 419-420.) Manifestly, the pre-add allowances under challenge are only part of the picture.

In essence what plaintiffs seek is a species of indexing welfare grants. Although we may recognize that the minimal allowances create difficulties in the face of inflation, there is plainly no constitutional basis which would permit the court to instruct the Legislature that the failure to remedy such deficiency constitutes an unconstitutional abdication of the duty imposed upon it. It is not for the courts to determine whether indexing or some other mechanism to deal with inflation is requisite. As noted, in addition to the flat grant complained about, there are allowances consisting of special grants for certain specified items of need such as shelter and fuel, which do reflect inflationary trends in some measure. *(Tucker v Toia, supra; Matter of Bernstein v Toia, supra.)* The court can judicially notice the effect of inflation. However, this does not permit the court to substitute its judgment for that of the Legislature. We are not unaware that the 1980 session of the Legislature debated a change and declined to make it, apparently because of the financial stringency of the State budget. The question is peculiarly one for the Legislature and not for the courts.

Since we are faced with a constitutional question we should limit our consideration to the precise issue before us. In my view, on this record it is inappropriate to rule that judicial action can never be invoked or to speculate whether there may be circumstances which would require court intervention. It is enough to hold that on the evidence before us, the constitutional challenge is not well founded. The fact that plaintiffs have standing to challenge the constitu-

tionality of the statute does not require a trial. However well buttressed, the allegation that the level of benefits amounts to a virtual exclusion of the needy from the support directed by the Constitution does not make it so. Nor does it require a trial in the face of the constitutional mandate plainly imposing responsibility upon the Legislature.

The due process argument is equally without merit. Plaintiffs ask this court to strike down the exercise of legislative discretion specifically vested in the Legislature by the Constitution. The presumption in favor of constitutionality is strong, particularly where the challenge is addressed to remedial legislation dealing with the economy and social benefits and burdens, peculiarly legislative functions *(Dandridge v Williams,* 397 US 471, 484-485). There is no violation of the State Constitution. Nor is there a violation of the due process clause of the Federal or State Constitution. States have broad discretion in fashioning public welfare programs. There is no constitutional requirement that States pay the full amount of a rationally determined standard of need *(Dandridge v Williams, supra; Jefferson v Hackney,* 406 US 535).

Accordingly, I join in affirming the dismissal of the complaint.

SANDLER, J. (concurring). In this action brought by an unincorporated association whose members are recipients of public assistance, and by 14 individual welfare recipients, the plaintiffs seek in substance a declaration that the level of welfare payments provided by section 131-a of the Social Services Law violates section 1 of article XVII of the New York Constitution, which provides: "The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine."

I agree that Special Term correctly dismissed the complaint, but not for the reason assigned in Special Term's opinion or in the opinion of the court. I do not agree that the issue presented is nonjusticiable or one from which the courts "are constitutionally excluded." That view cannot be reconciled with a plain reading of the constitutional

language, which was authoritatively interpreted by the Court of Appeals in *Tucker v Toia* (43 NY2d 1, 7) in the following words: "In New York State, the provision for assistance to the needy is not a matter of legislative grace; rather, it is specifically mandated by our Constitution."

In 1970 section 131-a of the Social Services Law was amended as a result of the decision of the United States Supreme Court in *Rosado v Wyman* (397 US 397) in which the court held that New York's prior grant structure violated the Federal Social Security Act (US Code, tit 42, § 301 *et seq.*). As amended, section 131-a of the Social Services Law provides for two types of allowances: (1) A "flat grant" or "pre-add allowance" intended to meet most items of need and varying by family size, and (2) a limited number of special grants for certain specified items of need such as shelter and fuel for heating.

At issue in this lawsuit is the present adequacy of the "flat grant" or "pre-add allowance". This allowance was originally derived from the New York State Department of Social Services' modified version of the United States Department of Labor, Bureau of Labor Statistics' "Lower Living Standard" (LLS). The LLS is a budget for a family of four based on the cost of goods and services deemed necessary for a "minimum standard of adequacy."

In 1974, the benefit levels were adjusted to provide for pre-add allowances in accordance with the cost of living in January, 1972. There has been no increase in the pre-add allowance since that time, notwithstanding the dramatic increase in the cost of living in the intervening years.

The conclusion is inescapable that the allowances presently made for welfare families are substantially below the level that had been previously deemed necessary for a minimum standard of adequacy. If section 1 of article XVII of the New York Constitution were interpreted to require the Legislature to provide sufficient aid for the needy to meet all essential needs, the complaint and the impressive supporting papers submitted would present a strong case for relief. However, the constitutional language does not explicitly impose such an obligation on the Legislature and a study of its language in the light of the legislative history

suggests that the omission was not inadvertent. In *Matter of Bernstein v Toia* (43 NY2d 437, 448-449) the Court of Appeals said in pertinent part: "We do not read this declaration and precept * * * as commanding that, in carrying out the constitutional duty to provide aid, care and support of the needy, the State must always meet in full measure all the legitimate needs of each recipient."

In short, the constitution explicitly describes as a public concern the provision of "aid, care and support of the needy" reserving to the Legislature broad but not absolute discretion in discharging that mandate. Clearly the Legislature is required, as the Court of Appeals held in *Tucker v Toia (supra)* to provide some assistance to the needy and I believe that the Constitution is reasonably interpreted to require the assistance to be genuine and meaningful, and not merely token or sham.

The complaint, and the accompanying documents and affidavits submitted on behalf of the plaintiffs, are persuasive that the present level of assistance in light of the enormous rise in the cost of living is in fact inadequate to meet what has been authoritatively considered a minimum standard of adequacy. The tragic implications of this failure are pointed up when it is considered that a majority of those receiving welfare assistance consist of children, the elderly and the handicapped.

On the other hand, the record is clear that the welfare assistance presently provided is more than token, and is genuine and meaningful.

In light of the very broad discretion clearly intended to be vested in the Legislature by the Constitution, and the apparently purposeful omission of any constitutional mandate to meet "all the legitimate needs of each recipient," I am unable to conclude, even assuming the truth of the factual allegations set forth in plaintiffs' pleading *(Matter of Bernstein v Toia*, 43 NY2d 437, 441, *supra)*, that a constitutional violation has been established at this time.

Accordingly, and for that reason alone, I join in affirming the dismissal of the complaint.

CARRO, J. (dissenting). This is a proceeding instituted by an unincorporated association, whose members are re-

cipients of public assistance, and 14 individual recipients, challenging the constitutionality of section 131-a of the Social Services Law. The challenge is premised upon the alleged inadequacy of payment levels provided for in section 131-a which, it is asserted, violate section 1 of article XVII of the New York Constitution.

Special Term granted defendant's motion to dismiss the amended complaint, stating in part that: "the non-justiciability of this action is manifest when attention is focused upon the relief sought." A companion motion seeking a declaration of class action status was dismissed as moot. The court cited *Jones v Beame* (45 NY2d 402) for the proposition that this controversy was nonjusticiable. That case, however, did not involve a constitutional challenge to a statute. "In New York State, the provision for assistance to the needy is not a matter of legislative grace; rather it is specifically mandated by our Constitution. Section I of article XVII of the New York State Constitution declares: 'The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine'" *(Tucker v Toia*, 43 NY2d 1, 7).

In *Bernstein v Toia* (43 NY2d 437, 449) the Court of Appeals held that the principle enunciated in *Tucker v Toia (supra)* related to the impermissible exclusion of the needy from eligibility for benefits, not to the absolute sufficiency of the benefits distributed to each eligible recipient. In this case, it is claimed that the level of benefits, not increased since 1974, amounts to an unconscionable failure of the Legislature to implement the mandate of section I of article XVII of the State Constitution.

I need not and do not, at this time, express any view concerning the merits of this litigation and the claim that section 131-a is unconstitutional in that it fails to carry out an obligation created by article XVII of the State Constitution. In order to reverse and deny defendant's motion to dismiss, leading to reinstatement of the complaint, we need only draw two conclusions. First, that a justiciable controversy exists by virtue of the challenge to the constitu-

tionality of section 131-a (cf., *Flushing Nat. Bank v Municipal Assistance Corp. for City of N.Y.*, 40 NY2d 731, 739). Second, that a valid cause of action exists by virtue of the assertion that the level of benefits amounts to a virtual exclusion of the needy from the support mandated by the Constitution. I so find.

The judgment should be reversed, the motion to dismiss denied and the complaint reinstated.

YESAWICH, J. concurs with ROSS, J.; FEIN, J.P. and SANDLER, J., concur in separate opinions and CARRO, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on March 25, 1980, affirmed, without costs and without disbursements.