■ In the Matter of ANNIE WEINHANDLER et al., Respondents, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants. — Order, Supreme Court, New York County (Hughes, J.), entered July 3, 1980, which in a CPLR article 78 proceeding seeking a declaration that the State Commissioner's shelter allowance schedule is invalid, granted reargument and adhered to decision dated February 25, 1980 which held in abeyance respondents' application to dismiss the proceeding pending a trial to ascertain facts deemed necessary by the court, reversed, on the law, and petition dismissed, without costs. Appeal from order dated February 25, 1980 dismissed as academic, without costs. In this article 78 proceeding, seeking, *inter alia,* declaratory and injunctive relief, the petition seeks a declaration that the shelter allowance schedule adopted by the State Commissioner in 18 NYCRR 352.3 violates the United States Constitution, the New York State Constitution, and various sections of the Social Services Law, and the Social Security Act. In essence, the petition alleges that the shelter allowances provided are substantially below the rents actually required to be paid by many welfare recipients. Concluding that factual issues were presented in papers submitted with regard to the percentage of recipients who pay rent above maximum allowances, Special Term held in abeyance respondents' motion to dismiss the petition pending a trial to ascertain as precisely as possible the correct percentage of shelter recipients who pay more than the

maximums allowable. Following the decision of this court in *RAM v Blum* (77 AD2d 278), Special Term granted respondent Blum leave to appeal. The issues presented are substantially the same as those which were considered by the New York Court of Appeals in *Matter of Bernstein v Toia* (43 NY2d 437), and determined adversely to petitioner's contentions. The principal distinction urged is that in *Matter of Bernstein (supra)*, the Court of Appeals observed that the shelter allowance schedule would fully meet the rental needs of about 95% of the recipients and that following that decision there has been a steady increase in rents payable by welfare recipients without any corresponding increase in the allowances. Although this development undoubtedly imposes hardships on many welfare recipients, we cannot agree on this record, accepting in full petitioner's statistical contentions, that the essential standard of constitutional and statutory validity set forth in *Bernstein* has been violated. We further note that the Legislature has directed the Department of Social Services to submit to it by January 1, 1982 a detailed plan to change the shelter payment methodology for public assistance recipients. Although academic in light of the foregoing, we note our agreement with the respondent Commissioner of the New York City Department of Social Services that he is neither a necessary nor an appropriate party to this litigation. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.