■ In the Matter of HENRY CAMPERLENGO, Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by respondent which permanently disqualified petitioner as a Medicaid provider and directing reimbursement to respondent of overpayments.

Petitioner, a physician specializing in psychiatry, provided services to Medicaid patients in Albany County. The Department of Social Services (DSS) audited his billings to Medicaid in the late summer of 1980 and concluded that petitioner had been overpaid in the amount of $76,077.26 (including interest) for services said to have been rendered, at his office, to 35 patients from January 1, 1977 to November 13, 1980. These payments were disallowed because of petitioner's unacceptable recordkeeping, a shortcoming which also moved DSS to permanently disqualify him from participation in the Medicaid program State-wide. From this determination, petitioner took an administrative appeal; following a hearing thereon, the Administrative Law Judge (ALJ), aside from making a minor adjustment in the calculation of the overpayment, upheld DSS's decision.

Foremost among petitioner's arguments is that during much of the period at issue, DSS regulations did not specifically designate inadequate recordkeeping as an unacceptable practice; that his recordkeeping was not violative of DSS regulations in effect at the time; and, further, that ex post facto application by DSS of the more stringent current regulations to his past practices contravenes his due process rights. However, this court, presented with similar contentions, recently

held that inadequate recordkeeping is indeed an unacceptable practice within the meaning of the pertinent DSS regulations which were applicable throughout the audit period involved here *(Matter of Allen v Commissioner of Social Servs. of State of N. Y.,* 116 AD2d 35; *see,* 18 NYCRR former 515.1 [a] [eff Aug. 31, 1976]; 18 NYCRR former 540.7 [a] [6] [renum 18 NYCRR 540.7 (a) (8) eff Aug. 2, 1977]; 18 NYCRR 515.2 [b] [11]). Moreover, on each claim submitted to DSS for payment for services furnished to these patients, petitioner certified "that such records as are necessary to disclose fully the extent of care, services and supplies provided to individuals under the New York State Medicaid Program will be kept". It ill befits petitioner now to complain of this stipulation.

And there is substantial evidence that petitioner did in fact keep inadequate records. A physician's oral recollection of his treatment of his patients, even when coupled with a diary confirming the date of their appointments, does not suffice; as the ALJ observed, "[t]he Department has a right to insist, and it does, that providers document what services they have provided".

The claim that a 1978 accidental flood at petitioner's office destroyed pertinent notes relating to the treatment of these patients was not credited by the ALJ, who noted, perplexedly, that the accident carries with it no explanation for petitioner's nonproduction of any postflood records. We are unable to say that this credibility issue was mistakenly resolved by the ALJ.

Nor do the penalties imposed—permanent disqualification from participating as a provider in the Medicaid program and recoupment of the overpayment—appear inappropriate. Not only do DSS regulations authorize the sanctions *(see,* 18 NYCRR 515.4 [a] [6]; 515.3 [d] [1]), but petitioner's own testimony evinced disdain for the record-keeping rule. He admitted that he listed on the Medicaid billing forms a uniform diagnosis for all patients, "anxiety and depression state", because he "didn't think it was anybody's business what their real diagnosis was". Respondent is not obliged to continue to deal with those not disposed to comply with the requirements of the Medicaid program. Petitioner's argument that respondent's determination herein was retaliatory, prompted by his previous challenge* to respondent's right to review records of his

---

* In a prior related proceeding, *Matter of Camperlengo v Blum* (56 NY2d 251), the Court of Appeals rejected petitioner's assertion that the DSS investigation sought privileged patient records and, accordingly, ordered him to comply with the agency's subpoena duces tecum.

Medicaid patients, has no basis in the record.

Determination confirmed, and petition dismissed, with costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.

