■ In the Matter of SAMUEL GALEOTA, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent New York State Department of Social Services appeals from a judgment of Supreme Court which stayed respondent's order disqualifying petitioner as a Medicaid provider pending completion of an evidentiary hearing. We reverse. The regulations of the Department of Social Services permitted the disqualification of a provider of Medicaid services for unacceptable practices after notice and an opportunity to be heard, but before a full evidentiary hearing *(see,* 18 NYCRR former 515.6, 515.3 [a], [b]; 515.4 [a] [repealed May 16, 1988]). The State's interest in the quality of care given by providers under the Medicaid program entitles it to disqualify a provider pending a hearing *(see, Barry v Barchi,* 443 US 55, 64; *Patchogue Nursing Center v Bowen,* 797 F2d 1137, 1144-1146, *cert denied* 479 US 1030; *Case v Weinberger,* 523 F2d 602, 606-608), but due process requires that the hearing "proceed and be concluded without appreciable delay" *(Barry v Barchi, supra,* at 66). It cannot be said on the record before the court below that, at the time it granted judgment staying respondent's order, there had been appreciable delay in affording petitioner a hearing on his disqualification as a provider of Medicaid services. A hearing was begun less than two months after petitioner's request, and only a few days after the effective

date of disqualification. Although, when the court granted judgment in favor of petitioner, two months had elapsed since the effective date of disqualification, the delay was not shown to be the fault of respondent, nor was the delay appreciable. Under these facts, the court had no basis to find that petitioner's due process right to a prompt hearing had been violated. Any delay that may have occurred after the date of the judgment appealed from cannot be considered by us on this appeal and can only be considered in a new proceeding. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—art 78.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.