■ In the Matter of MADAN GAUTAM, Respondent, v CESAR PERALES, as Commissioner of Social Services of the State of New York, Appellant, et al., Respondents

Petitioner, a single male adult, originally commenced this CPLR article 78 proceeding against the New York City Human Resources Administration alleging that his Home Relief

grant ($215 per month) pursuant to 18 NYCRR part 352 was "insufficient to meet [his] reasonable housing costs" and sought an increase by way of judicial relief. After joinder of the Commissioner of the State Department of Social Services ("DSS") as a proper party, and in particular reliance upon *Jiggetts v Grinker* (75 NY2d 411), the IAS court concluded that the effect of *Jiggetts* was to limit the Commissioner's discretionary power in establishing shelter payments under the Home Relief Program (Social Services Law § 131-a; 18 NYCRR 352.3). Determining that the Commissioner's discretionary power in establishing shelter payments under section 131-a is curtailed by a "duty" to provide *adequate* aid, the court granted the amended petition to the extent of directing a hearing regarding "the adequacy of the maximum shelter allowance as applied to petitioner and HRA's alleged failure to timely and properly process petitioner's application for various public assistance benefits and any damages flowing therefrom."

We disagree that *Jiggetts (supra)* supports an expansion of a judicial power to review the sufficiency of adult shelter allowances in the face of settled precedent to the contrary *(Matter of Bernstein v Toia,* 43 NY2d 437; *Matter of Weinhandler v Blum,* 84 AD2d 716; *RAM v Blum,* 77 AD2d 278). In *Jiggetts* the Court of Appeals determined that Social Services Law § 350 (1) (a), which requires the DSS Commissioner to establish "adequate" shelter allowances for recipients of aid to dependent children ("ADC"), imposed a statutory duty on the Commissioner to establish shelter allowances which bear a reasonable relationship to the actual cost of housing. The Court found, after reviewing the pertinent language of Social Services Law, that these sections manifested a legislative determination that family units be kept together in a home setting and imposed on DSS the duty to establish assistance levels adequate for that purpose, because assistance levels so low as to force large numbers of families with dependent children into homelessness did not meet the statutory standard. The Court placed great emphasis on the fact that these statutes stated that the specific aid in question " 'shall' be provided", " 'shall' be adequate", and " 'shall * * * include services which may be necessary for each child in the light of the particular home conditions and his other needs' " *(Jiggetts v Grinker, supra,* at 417; *see,* Social Services Law § 350-j [3]; § 350 [1] [a]; § 344 [2]).

In this case however, the motion court incorrectly interpreted the result in *Jiggetts (supra)* as mandating similar

limitations to DSS discretion in fixing shelter allowances for single adults. Although a duty of assistance to the needy is recognized by New York State's Constitution* *(Jiggetts v Grinker, supra,* at 416; *Tucker v Toia,* 43 NY2d 1, 7), there is no provision in the State Constitution or Social Services Law requiring that current shelter allowances be set at a particular level for recipients of home relief. As the *Jiggetts* ruling noted, the Legislature has directed that the amount of shelter allowances shall be set administratively to reflect local rent levels in various areas of the State and has enacted regulations which entitle recipients to shelter allowances equal to the actual rent, subject to a fixed ceiling which varies from district to district and which is also adjusted for the number of persons in the family unit. For New York City, the maximum grant for a single person is $215 per month for apartments where heat is included in the rent, increasing incrementally to a maximum of $421 per month for a family of eight or more *(see,* 18 NYCRR 352.3).

While the Court of Appeals in *Jiggetts (supra)* determined that DSS was statutorily obligated to provide realistic rent allowances geared to actual market conditions for ADC recipients because of the expressed legislative objective to keep families with children intact (75 NY2d, *supra,* at 420), no provision in the statute here under review or its legislative history can be discerned for constricting the DSS Commissioner's discretion with respect to support levels for single adults. Thus, the IAS court's extension of the *Jiggetts* rationale to housing allowances for single adults, however well intentioned, was error, and accordingly, we reverse and dismiss the petition. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.

* Article XVII, § 1 provides that "[t]he aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine."