■ In the Matter of IOSEF KLEYNERMAN, Respondent, v BRIAN J. WING, as Acting Commissioner of the New York State Department of Social Services, Appellant. [661 NYS2d 221] —Order, Supreme Court, New York County (Alice Schlesinger, J.),

entered on or about April 19, 1996, which enjoined respondent from excluding petitioner from participation in the Medical Assistance Program for a period of five years, unanimously reversed, on the law, without costs, and the injunctive relief is denied.

For the second time in four years, petitioner was evaluated deficient in the quality of care delivered to his Medicaid patients. The prior uncontested findings, in 1991, resulted in a letter of warning. This time, after auditing a sampling of 17 of petitioner's case files, respondent found numerous instances of false claims, unacceptable recordkeeping, excessive services, and failure to meet recognized standards in furnishing medical care. Petitioner brought this CPLR article 78 proceeding, and sought injunctive relief, after being notified of respondent's intention to exclude him from participation in the Medicaid program for five years.

Preliminary injunctive relief requires a showing, *inter alia*, of a likelihood of the movant's ultimate success on the merits, and a balancing of the equities in his favor. Petitioner has satisfied neither of those prerequisites.

Given the wide range and large number of charges arising from the 17 case histories, and the objective nature of some of those charges (e.g., insufficient and illegible records, failure to note patients' symptoms), it is unlikely that petitioner would be able to exonerate himself of enough charges to avoid a lengthy suspension. The conduct of such a quality review is reserved, by law, to the Departments of Social Services and Health (Social Services Law § 364 [1] [d]),* and the Court will not substitute its judgment for that of respondent's evaluators in matters of such expertise and wide discretion (*Matter of Karanja v Perales*, 163 AD2d 264, 267-268, *lv denied* 76 NY2d 715).

The State's interest in the quality of care given by providers under the Medicaid program allows petitioner's disqualification for unacceptable practices, after notice and an opportunity to be heard (*Matter of Galeota v New York State Dept. of Social Servs.*, 151 AD2d 1036; *see,* 18 NYCRR 515.3 [a]). Even though petitioner may suffer irreparable damage by his temporary exclusion from the program, a balancing of the equities requires that the interests of the Medicaid program and the recipient public must prevail in this instance (*Schaubman v Blum*, 49 NY2d 375, 379; *see also, Matter of Camperlengo v Perales*, 120

* Since the events of this proceeding, such evaluation has become the exclusive responsibility of the Department of Health (Social Services Law § 364 [2] [e]; *see,* L 1996, ch 474, § 234).

AD2d 883, *lv denied* 68 NY2d 606). Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Andrias, JJ.