■ In the Matter of ARUNA R. RAMANADHAN, Respondent, v BRIAN J. WING, as Commissioner of New York State Department of Social Services, Appellant. [683 NYS2d 85] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered September 29, 1997, enjoining respondent Commissioner of Social Services from excluding petitioner from participation in the New York Medicaid Provider Program pending determination after conclusion of an evidentiary hearing and directing that the hearing be conducted on consecutive days until completed, unanimously reversed, on the law and the facts, without costs, the injunctive relief vacated, and the petition dismissed.

Petitioner, a licensed physician and pediatrician, is a participating provider in New York's Medicaid Program. She claims that her income is derived exclusively from her treatment of Medicaid patients. A 1995 Department of Social Services audit was triggered on the basis of findings that petitioner had written an excessive number of prescriptions per patient, many of which were filled at her husband's pharmacy, which seemed to derive its income almost exclusively from petitioner's prescriptions. The audit reviewed 20 medical records, for 130 individual payment claims and 55 dates of service between March 1, 1994 and March 31, 1995. The audit also found numerous instances of unnecessary medical services or supplies and numerous deficiencies in record keeping. These findings were discussed with petitioner at an exit conference on September 21, 1995. The November 9, 1995 Notice of Proposed Agency Action advised petitioner of over 200 violations of Medicaid rules and regulations, specifically including 51 instances of billing for services that were not medically necessary, 45 instances of ordering other services that were not medically necessary, 50 instances of petitioner's failing to provide sufficient information regarding the patient's history and/or complaint, 29 instances of failing to document the findings of physical examinations, 12 instances of otherwise provid-

ing insufficient information regarding physical examinations, 5 instances of petitioner's failing to document a diagnostic impression or diagnosis relevant to the patient's complaint, and additional deficiencies in record keeping or filings. Petitioner submitted a detailed response on or about December 20, 1995, in which she sought to refute each violation and provided additional information. Subsequently, the response was submitted for peer review. The peer reviewer, although recommending withdrawal of some of the violations, nevertheless concluded that petitioner's overall care of patients was poor, especially in regard to her response to earaches, sore throats and respiratory infections and, that in one case, her care was potentially dangerous.

The November 26, 1996 Final Notice of Agency Action advised petitioner that the Department's Medicaid contract with her would be terminated, that she would be excluded from the program for a three year period, and that a sanction of $102,000 would be imposed. The effective date of her exclusion was extended to December 25, 1996. She filed a request for an administrative hearing on December 5, 1996, and on December 11, 1996, filed the present CPLR article 78 petition in the nature of mandamus seeking a permanent injunction barring the Department from excluding her from the Medicaid Program or, alternatively, an injunction pending the conclusion of the hearing and issuance of the determination thereon; she also sought a declaration that the Department, in excluding her from the program, acted arbitrarily and capriciously. Thereafter, the hearing, although conducted on one occasion, was adjourned on other occasions at the request, variously, of both parties. The IAS Court granted a permanent injunction, enjoined the Department from excluding petitioner from the program pending the outcome of the hearing, directed that the hearing be conducted on consecutive days until completion, and, to the extent that the regulations providing for prehearing suspension terminating a provider for cause failed to impose a time limit within which the hearing must be conducted, found a violation of the New York Constitution's Due Process Clause.

It is well established that in order to be entitled to injunctive relief, petitioner was required to establish the likelihood of her success on the merits, irreparable injury to her absent the granting of an injunction, and that the equities balance in her favor (*Grant Co. v Srogi*, 52 NY2d 496, 517). Petitioner has not carried her burden of demonstrating the likelihood of her success, nor, considering the particular public health and policy

issues involved, has she made the requisite showing of equity (*Matter of Kleynerman v Wing*, 242 AD2d 221; *Matter of Camperlengo v Perales*, 120 AD2d 883, *lv denied* 68 NY2d 606). Nor is petitioner deprived of an opportunity to practice her profession, notwithstanding her preference to practice with Medicaid recipients. Finally, we do not recognize that petitioner, a contracting party who, after several levels of review, was found to have violated the terms of her participation, has a property interest in continued participation in the Medicaid Program (*Schaubman v Blum*, 49 NY2d 375, 380), negating her due process claim. We have considered petitioner's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.