■ THOMAS J. ASTIN, Appellant, v CITY OF NEW YORK, Respondent. [718 NYS2d 399] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated November 12, 1999, as granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was to recover damages based upon a violation of Labor Law § 241 (6), and denied his cross motion for leave to amend his bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured while working on the reconstruction of the Meeker Avenue viaduct of the Brooklyn-Queens Expressway. The reconstruction was part of a rehabilitation project of the State of New York. The plaintiff commenced this action against the City of New York, alleging, *inter alia,* that the City owned the viaduct. The Supreme Court, among other things, granted that branch of the City's motion which was for summary judgment dismissing so much of the complaint as was based upon a violation of Labor Law § 241 (6). We affirm.

The City demonstrated that the State had undertaken the reconstruction project before the date of the plaintiff's injury, and thereby attained "ownership * * * jurisdiction [and] responsibility" of the viaduct (*Nowlin v City of New York,* 81 NY2d 81, 86-87). In opposition, the plaintiff failed to raise an issue of fact as to whether, at the time of the plaintiff's accident, the City had any ownership, jurisdiction, or responsibility of the viaduct. Therefore, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) (*see, Nowlin v City of New*

*York, supra; cf., Deloach v City of New York,* 258 AD2d 384; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320).

In light of our determination, it is unnecessary to reach the parties' remaining contentions. Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.