■ In the Matter of DUNBAR PARTNERS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [734 NYS2d 439] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered on or about April 12, 2001, which, *inter alia*, denied petitioner landlord's application pursuant to CPLR article 78 and dismissed the petition seeking annulment of an order of the Deputy Commissioner of respondent Division of Housing and Community Renewal (DHCR), dated April 11, 2000, affirming an order of the District Rent Administrator of DHCR, dated February 11, 1993, which had found that petitioner had wilfully overcharged the tenant, and ordered it to make a refund, as well as to pay interest and treble damages, unanimously affirmed, without costs.

The petition was properly dismissed in light of the unrebutted evidence rationally supportive of DHCR's overcharge finding, and of DHCR's further finding, also rationally based, that petitioner had not met its burden to demonstrate that the overcharge was non-wilful (*see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 575, *lv denied* 78 NY2d 861). Although petitioner claimed that a rent increase for the subject apartment was warranted by improve-

ments to the premises and that the disputed increase had been court approved, it failed to present evidence to support such claims.

Nor is there any merit to petitioner's claim that it was denied due process. DHCR was entitled to make its determination based on the available evidence, provided such determination had a rational basis, as it did. Petitioner, whose burden it was to produce evidence to rebut the presumption of wilfulness arising from the overcharge (*see, Matter of Herman v New York State Div. of Hous. & Community Renewal,* 239 AD2d 305, *lv denied* 91 NY2d 807; *Matter of Sohn v New York State Div. of Hous. & Community Renewal,* 258 AD2d 384), should not be heard to claim that required evidence was lacking, or that it was prevented from providing such evidence, when there is no indication that it ever attempted to proffer the necessary evidence (*see, Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.,* 112 AD2d 72, 75).

Petitioner's remaining claims either were not raised before the Rent Administrator, or were raised for the first time in this proceeding and, accordingly, were not properly before Supreme Court (*see, Matter of Simkowitz v New York State Div. of Hous. & Community Renewal,* 251 AD2d 5). Concur—Rosenberger, J. P., Tom, Andrias, Ellerin and Wallach, JJ.