OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed with costs.
 

 The City of New York commenced this proceeding to compel the State to defend and indemnify the City pursuant to Highway Law § 349-c (8-a) in several personal injury actions commenced against the City for accidents that occurred on state arterial highways located within and maintained by the City. Supreme Court concluded that the City was covered by the statute; the Appellate Division reversed. We now affirm.
 

 Article XII-B of the Highway Law governs state arterial highways that pass through cities
 
 (see
 
 Highway Law § 349-b). Originally enacted in 1944, the statute created “a State-wide system for the use of State and Federal funds in the construction and modernization of State arterial highways”
 
 (Nowlin v City of New York,
 
 81 NY2d 81, 86 [1993];
 
 see also
 
 Highway Law § 349-b). In the original enactment, the Legislature distinguished between the City of New York and other cities in the state by limiting the City’s eligibility for state revenues
 
 *742
 

 (see
 
 L 1944, ch 543). A year later, the Legislature amended article XII-B and increased New York City’s stake in the state revenue program
 
 (see
 
 L 1945, ch 619, as amended). However, distinctions between the City and other cities in the state remain
 
 (see generally
 
 Highway Law §§ 349-c, 349-e, 349-f). For example, although the State has the ultimate responsibility for maintenance of state arterial highways located in cities, New York City is the only city that retains “jurisdiction” over those roads
 
 (see
 
 Highway Law § 349-c [3.4]).
 

 In carrying out its duties under article XII-B, the Department of Transportation has entered into arterial highway maintenance and repair agreements with affected cities, including the City of New York
 
 (see
 
 Highway Law § 349-c [7]-[9]). Since 1952, New York City has maintained and repaired the arterial highways passing through it pursuant to its agreements. The City’s contracts with the State have never contained a clause requiring the State to indemnify or insure the City for property damage or personal injury claims arising out of the agreements. Similar maintenance agreements with all other cities in the state, however, did require the State to provide liability insurance for the city in question.
 
 [1]
 
 Prior to 1985, the statute neither prohibited nor required either contractual arrangement. Other than New York City’s retention of jurisdiction over its roads, the legislative scheme provides no additional guidance as to why the State Department of Transportation would differentiate between the City of New York and other New York cities in this regard.
 

 In 1985, the State was unable to procure liability insurance for the other cities as required by their maintenance agreements. In response to this problem, the Legislature authorized the Attorney General to defend tort claims arising from those arterial maintenance agreements and to indemnify those cities for damages awarded.
 
 [2]
 
 We agree with the Appellate Division that the purpose of the amendment was clear; the
 
 *743
 
 Legislature sought to provide a remedy for the State’s inability to meet its contractual obligation to provide liability coverage under the maintenance agreements. The amendment did not seek to create statutory mandates for the maintenance contracts nor did it attempt to alter the existing agreements between New York City and the State in this regard. Therefore, the Appellate Division correctly concluded that the City of New York is not within the phrase “such city” in section 349-c (8-a); it cannot seek indemnification under the statute.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs, in a memorandum.
 

 [1]
 

 . The insurance clause reads as follows:
 

 “Article VII. general liability insurance
 

 “The State shall furnish without expense to the City, general liability insurance with respect to the existence, maintenance and repair of arterial highways, and the insurance policy shall cover the interests of the State, the Commissioner and the City in the performance of this agreement, and shall also cover the State, Commissioner and the City for protective liability with respect to work or operations performed by a contractor of the City.”
 

 [2]
 

 . The legislation also amended section 12 of the Highway Law to require the State to indemnify and defend tort claims arising from city snow and ice
 
 *743
 
 removal. Section 12 does not make any distinctions between the City and the other cities nor does the State contest this provision’s applicability to New York City (see Highway Law § 12).