■ SHAMIKA MCVAY, Respondent, v BRIAN J. WING et al., Appellants. [758 NYS2d 88] —In an action, inter alia, for a judgment declaring that the defendants' housing allowance schedules set forth in 18 NYCRR 352.3 violate the plaintiff's federal and state statutory rights to obtain and retain decent, safe, and adequate housing, the defendants appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated January 18, 2002, which granted the plaintiff's motion for a preliminary injunction directing them to pay the plaintiff an enhanced shelter allowance of $786 per month, and to pay her landlord $3,144 in rent arrears.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

To obtain a preliminary injunction, a movant must demonstrate a probability of success on the merits, irreparable injury in the absence of injunctive relief, and a balancing of the equities in her favor (*see Doe v Axelrod,* 73 NY2d 748, 750 [1988]). Here, the plaintiff has failed to demonstrate that she is likely to succeed on the merits. Now ineligible to receive Family Assistance, she receives Safety Net Assistance instead. Under such a circumstance, she may not challenge the adequacy of the housing allowance schedules, or the housing allowance that she receives (*see* Social Services Law § 159 [1] [b] [i]; *Deleo v Kaladjian,* 215 AD2d 520, 521 [1995]; *Matter of Gautam v Perales,* 179 AD2d 509, 510 [1992]; *cf. Matter of Bernstein v Toia,* 43 NY2d 437, 440 [1977]). Krausman, J.P., Townes, Crane and Mastro, JJ., concur.