■ MIAH HEDGEPETH, Appellant, v BRIAN WING et al., Respondents. (Action No. 1.) EMILY MOORE, Appellant, v BRIAN

WING et al., Respondents. (Action No. 2.) JULIA MULLIN, Appellant, v BRIAN WING et al., Respondents. (Action No. 3.) MELODY GIOIA, Appellant, v BRIAN WING et al., Respondents. (Action No. 4.) [815 NYS2d 99]—

In four related actions, inter alia, for a judgment declaring that the defendants' housing allowance schedules set forth in 18 NYCRR 352.3 violate the plaintiffs' federal and state statutory rights to obtain and retain decent, safe, and adequate housing, (1) the plaintiffs Miah Hedgepeth and Melody Gioia appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 24, 2004, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) and, in effect, pursuant to CPLR 3211 (a) (1), to dismiss their complaints and all other complaints filed on or after January 4, 2001 seeking similar or identical relief, (2) the plaintiff Miah Hedgepeth appeals from an order of the same court dated November 8, 2004, which, upon the order entered August 24, 2004, dismissed her complaint, (3) the plaintiff Julia Mullin appeals from an order of the same court also dated November 8, 2004, which, upon the order entered August 24, 2004, dismissed her complaint, (4) the plaintiff Melody Gioia appeals from an order of the same court, also dated November 8, 2004, which, upon the order entered August 24, 2004, dismissed her complaint, and (5) the plaintiff Emily Moore appeals from an order of the same court also dated November 8, 2004, which, upon the order entered August 24, 2004, dismissed her complaint.

Ordered that the appeals by the plaintiffs Miah Hedgepeth and Melody Gioia from so much of the order entered August 24, 2004 as dismissed all complaints filed on or after January 4, 2001 seeking relief similar or identical to the relief sought by those plaintiffs is dismissed, without costs or disbursements, as those plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeals by the plaintiffs Miah Hedgepeth and Melody Gioia from the remainder of the order entered August 24, 2004 are dismissed, without costs or disbursements, as the remainder of the order was superseded by the orders dated November 8, 2004; and it is further,

Ordered that the order dated November 8, 2004 dismissing

the complaint of the plaintiff Miah Hedgepeth is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated November 8, 2004 dismissing the complaint of the plaintiff Julia Mullin is dismissed as withdrawn, without costs or disbursements, pursuant to a stipulation between the parties dated July 29, 2005 and August 1, 2005; and it is further,

Ordered that the order dated November 8, 2004 dismissing the complaint of the plaintiff Melody Gioia is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated November 8, 2004 dismissing the complaint of the plaintiff Emily Moore is affirmed, without costs or disbursements.

The plaintiffs Miah Hedgepeth, Melody Gioia, and Emily Moore (hereinafter the named plaintiffs) challenge the adequacy of a certain schedule of shelter allowances, applicable to recipients of public assistance within Westchester County, as promulgated by the New York State Office of Temporary and Disability Services (hereinafter OTDA). During the pendency of these related actions, the Supreme Court granted enhanced shelter allowance supplements to the named plaintiffs and numerous other persons (hereinafter the additional plaintiffs) who commenced additional individual actions against the defendants on or after January 4, 2001 seeking relief similar or identical to that sought by the named plaintiffs. Notwithstanding the temporary grant of the enhanced shelter allowance supplements, the challenged allowance schedule was slated to become applicable to the named plaintiffs and the additional plaintiffs on November 1, 2005 (see 18 NYCRR 352.3 [a] [2]). On November 1, 2005 the OTDA unilaterally determined to extend the temporary grant of enhanced shelter allowance supplements to the named plaintiffs and the additional plaintiffs through February 1, 2007. The Supreme Court, inter alia, dismissed the complaints on the grounds of mootness and lack of standing. We affirm the dismissal of the complaints.

We decline the request of the named plaintiffs to revisit our prior decisions in McVay v Wing (303 AD2d 727 [2003]) and Shubrick v Wing (303 AD2d 744 [2003]), in which we held that only recipients of family assistance benefits (hereinafter FA) pursuant to the state Temporary Assistance for Needy Families program (hereinafter TANF) had standing to challenge the adequacy of shelter allowances pursuant to Social Services Law § 350 (1) (a), while recipients of benefits pursuant to the state Safety Net Assistance program (hereinafter SNA) did not. Although the language of Social Services Law § 350 (1) (a) does

not expressly limit the right to an "adequate" shelter allowance only to recipients of FA, the nature of the legislation, the history of Social Services Law § 350 (1) (a), the amendments to the TANF and SNA programs over the last eight years, the inclusion of the "adequacy" mandate in Social Services Law, article 5, title 10, referable to TANF, the omission of similar language from Social Services Law, article 5, title 3, referable to SNA, and the headings in those titles, all underscore the Legislature's intention that only FA recipients have standing in this regard (*see Montes v City of Buffalo*, 295 AD2d 896 [2002]; *Matter of City of New York v State of New York*, 282 AD2d 134 [2001], *affd* 98 NY2d 740 [2002]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes §§ 123, 130).

Under the current statutory scheme, persons who have received FA benefits for a total of any five years during their lifetime become ineligible for continued FA benefits, and are transferred, upon their request, to the SNA program (*see* Social Services Law § 158 [1] [a]; § 350 [2] [a]). The plaintiffs Miah Hedgepeth and Melody Gioia effectively alleged in their complaints that they are currently ineligible for FA, or became ineligible as of the November 1, 2005, effective date of the challenged schedule, because they had received FA benefits for more than five years. The Supreme Court thus properly dismissed their complaints for failure to state a cause of action, based on lack of standing (*see* CPLR 3211 [a] [7]). Although the plaintiff Emily Moore alleged in her complaint that she was eligible for FA, and the allegations in her complaint neither established that she had since become ineligible for FA, nor that she had received FA benefits for more than five years as of November 1, 2005, documentary evidence submitted by the defendants flatly contradicted her assertions, and established that she received SNA benefits. Her complaint was thus properly dismissed for lack of standing as well (*see* CPLR 3211 [a] [1]; *Ahmed v Getty Petroleum Mktg., Inc.*, 12 AD3d 385 [2004]; *see also McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661-662 [2005]). Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.