■ Doris Brownley et al., Appellants, v Robert Doar, as Commissioner of the New York State Office of Temporary and Disability Assistance, Respondent, et al., Defendants. [842 NYS2d 436]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 23, 2006, which, inter alia, dismissed the complaint on the ground that plaintiffs and the proposed intervenors were without standing, unanimously affirmed, without costs.

Plaintiffs and the proposed intervenors, who are aid recipients under the state Safety Net Assistance (SNA) program, lack standing to challenge the adequacy of shelter allowances pursuant to Social Services Law § 350 (1) (a). Canons of statutory construction and a review of the pertinent legislative history establish that the adequacy requirement contained in section 350 (1) (a) was intended to apply to the state Family Assistance (FA) program but not to SNA, for which FA recipients may become eligible once their eligibility for FA expires (see Hedgepeth v Wing, 29 AD3d 632 [2d Dept 2005]). We note that if the Legislature intended for the adequacy requirement contained in section 350 to apply to SNA, it could have amended the statute after the Second Department rendered its decisions determining that SNA recipients were without standing to challenge the adequacy of their shelter allowances under section 350 (see McVay v Wing, 303 AD2d 727 [2d Dept 2003], lv dismissed 100 NY2d 577 [2003]; Shubrick v Wing, 303 AD2d 744 [2d Dept 2003], lv dismissed 100 NY2d 577 [2003]), after Hedgepeth (supra), or after this Court's opinion in Jiggetts v Dowling (21 AD3d 178 [2005], appeal dismissed 6 NY3d 807 [2006]). That the Legislature has evidently chosen not to do so, suggests that the statute has been correctly construed (see Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157 [1987]).

We have considered plaintiffs' additional arguments and find them unavailing. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.