Matter of 2758-2760 LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 01548)





Matter of 2758-2760 LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 01548


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 260079/18 Appeal No. 13372 Case No. 2019-04943 

[*1]In the Matter of 2758-2760 LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.


Novick Edelstein Pomerantz P.C., Yonkers (Lawrence Schiro of counsel), for appellant.
Mark F. Palomino, NYS Division of Housing and Community Renewal, New York (Dawn Ivy Schindelman of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about August 20, 2019, which denied petitioner's request to annul a determination of respondent (DHCR), dated March 9, 2018, denying its Petition for Administrative Review (PAR) and affirming the decision of the Rent Administrator (RA), dated November 4, 2016, finding a willful rent overcharge, and dismissed the proceeding brought pursuant to CPLR article 78 insofar as appealed from as limited by the briefs, unanimously affirmed, without costs.
DHCR rationally concluded that petitioner had overcharged the tenant, based on a 1994 rent reduction order in effect during the four-year period preceding the filing of the overcharge claim (see Scott v Rockaway Pratt, LLC, 17 NY3d 739 [2011]; Matter of Cintron v Calogero, 15 NY3d 347 [2010]). DHCR also rationally imposed treble damages, as petitioner failed to overcome the presumption of willfulness arising from an overcharge (Administrative Code of the City of NY § 26-516[a]; see also Matter of Dunbar Partners v New York State Div. of Hous. & Community Renewal, 289 AD2d 152, 153 [1st Dept 2001]). Contrary to petitioner's contention, its partial refund of rent to a subsequent tenant rather than to the tenant who was affected by the overcharge is insufficient to establish that the overcharge was not willful (see Matter of Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241, 243 [1st Dept 1997]). Nor was petitioner's failure to comply with the rent freeze order in effect during the tenancy a hyper-technical computational error.
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021