(January 29, 1957)

ELIHU WINER et al., Respondents, v. JOSEPH G. GLASER, Appellant.

*Per Curiam.* The allegations of the second, third and fourth causes of action indicate a confusion as to the theory of the causes of action and are insufficient to state a cause of action. As stated, these causes of action should be dismissed with leave to replead.

We assume that the intendment of the second cause of action is to state a claim for tortious interference with a business relationship, preventing the consummation of a prospective contractual arrangement, which would have been realized except for the fraudulent action of the defendant. Obviously the claim cannot be based upon the theory of interference with a contract because the contract had expired. What the allegations of the second cause of action come down to then is that defendant prevented a renewal of the contract by the false representations he made to the other contracting parties. (The first cause of action is based on the alleged false representations made to plaintiff which prevented him from consummating the contract.) The insufficiency of the second cause of action lies in the fact that aside from certain allegations of specified false representations the complaint alleges that defendant defeated plaintiffs' opportunity " through representations now unknown " to plaintiffs. Since the complaint does not allege the misrepresentations relied upon, it is insufficient.

The third cause of action presumably is a claim for contributory infringement of a copyright. The allegations are confusing, however, in their suggestions of a fraud claim and breach of trust. And if it is a claim of contributory infringement which is intended to be stated, the allegations are insufficient to state a cause of action because the facts of defendant's alleged participation in the infringement are not stated. The allegation that defendant " encouraged and abetted " the infringement is a conclusory statement, lacking factual support in the pleading.

The fourth cause of action is apparently intended to charge a breach of trust or confidential relationship, but while the relationship is stated the facts of the breach are not stated. All that is alleged in this particular is that defendant contracted with the producer and substituted himself for plaintiffs as a party to receive 50% of the price. How this was done is not indicated. Some specification of what defendant did would be necessary to state a cause of action.

The second, third and fourth causes of action should be dismissed, with costs to appellant, with the opportunity given to plaintiffs by repleading to state and clarify their causes of action.

The order appealed from should be modified accordingly, and as so modified, affirmed, with costs to appellant.

Peck, P. J., Botein, Rabin and Frank, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the appellant. Settle order on notice.