■ MUTUEL TICKET AGENTS, LOCAL 23293, Respondents-Appellant, v ROOSEVELT RACEWAY ASSOCIATES et al., Appellants-Respondents.—In an action, inter alia, to impose a constructive trust on certain real property known as Roosevelt Raceway, (1) the defendants Roosevelt Raceway Associates, L. P., American Racing Corporation, E. H. Mortgage Corporation, Roosevelt Raceway, Inc., Charles Evans, William Hopkins and Barry B. Goldstein appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated August 15, 1989, as denied those branches of their motion which were for summary judgment dismissing the first, second and fourth causes of action asserted in the amended complaint, (2) the defendants Town of Hempstead Industrial Agency and George J. Trias separately appeal, as limited by their brief, from so much of the same order as denied their motion to dismiss the fifth cause of action asserted in the amended complaint pursuant to CPLR 3211 (a) (5) and (7), and (3) the plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendants Roosevelt Raceway Associates, L. P., American Racing Corporation, E. H. Mortgage Corporation, Roosevelt Raceway, Inc., Charles Evans, William Hopkins and Barry B. Goldstein, which was for summary judgment dismissing the third cause of action asserted in the amended complaint.

Ordered that the order is reversed insofar as appealed from by the defendants, on the law, those branches of the motion of Roosevelt Raceway Associates, L. P., American Racing Corporation, E. H. Mortgage Corporation, Roosevelt Raceway, Inc., Charles Evans, William Hopkins and Barry Goldstein, which were for summary judgment dismissing the first, second and fourth causes of action asserted in the amended complaint and the motion of the defendants Town of Hempstead Industrial Development Agency and George J. Trias to dismiss the fifth cause of action asserted in the amended complaint are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants appearing separately and filing separate briefs, are awarded one bill of costs.

The record indicates that, in 1984, the defendants Roosevelt Raceway Associates, L. P., American Racing Corporation, E. H. Mortgage Corporation, American Racing Corporation, Roosevelt Raceway, Inc., Charles Evans, William Hopkins and Barry B. Goldstein (hereinafter the Roosevelt defendants) entered into a financing agreement with the defendant Town of Hempstead Industrial Development Agency (hereinafter IDA) which included a sale and leaseback agreement regarding Roosevelt Raceway, in the Town of Hempstead, Nassau County. The financing involved in this transaction was accomplished by IDA's issuance of $54,000,000 of tax exempt bonds. The Roosevelt defendants, as lessees, agreed to operate Roosevelt Raceway as a horse racing track and to provide substantial employment during the lease term. In 1988, after operating the facility as a horse racing track for several years and incurring heavy losses, the Roosevelt defendants, in accordance with the express terms of the lease, redeemed the bonds and exercised their option to purchase the Raceway, thereby terminating the lease, and discontinued harness racing at the facility.

We agree with the Roosevelt defendants that the plaintiff, a union representing the parimutuel ticket agents at the track, has no standing to maintain the instant action. It is well settled that in order to sue as a third-party beneficiary on a contract, "[t]he intent to benefit a third party must be shown * * * and the benefit must not be merely incidental but immediate to such a degree as to indicate the assumption of a duty to make reparation if the benefit is lost * * *. Absent such intent, the third party is merely an incidental benefi-

ciary with no right to enforce the contract" *(Strauss v Belle Realty Co.,* 98 AD2d 424, 426, *affd* 65 NY2d 399; *see also, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43-45). On the instant record, the plaintiff has failed to carry its burden of demonstrating that it has an enforceable right. Accordingly, the Supreme Court erred in refusing to dismiss the first, second and fourth causes of action asserted in the amended complaint against the Roosevelt defendants.

The fifth cause of action in the complaint is asserted against the defendants IDA and Trias. We note initially that the defendant Trias acted at all times in his capacity as chairman of the defendant IDA. Moreover, it is clear that the plaintiff's fifth cause of action seeks damages based on the defendant IDA's alleged failure to properly discharge its duty pursuant to General Municipal Law § 856 (2); § 858 (16); and § 874 (1). This cause of action sounds in tort, and accordingly, a notice of claim was required pursuant to General Municipal Law § 50-e *(see, Phelps Steel v City of Glens Falls,* 89 AD2d 652; *Mazo v Town of Shawangunk,* 60 AD2d 734). Since a notice of claim was not served, the Supreme Court erred in denying the motion of the defendants IDA and Trias to dismiss the fifth cause of action asserted in the amended complaint *(see, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59).

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.