■ PATRICIA MEYER, Appellant, v MARY A. GUINTA et al., Respondents, et al., Defendant. [692 NYS2d 159] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 22, 1997, which granted the motion of the defendant Mary A. Guinta for summary judgment dismissing the complaint insofar as asserted against her, and (2) an order of the same court, dated March 20, 1998, which, upon converting the motion of the defendant Peter Guinta to dismiss the complaint pursuant to CPLR 3211 (a) (7) to one for summary judgment pursuant to CPLR 3212, granted the motion and dismissed the amended complaint insofar as asserted against him.

Ordered that the order dated October 22, 1997, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated March 20, 1998, is modified by deleting the provision thereof granting summary judgment to the defendant Peter Guinta dismissing the amended complaint insofar as asserted against him, and substituting therefor a provision granting the motion of that defendant to dismiss the amended complaint insofar as asserted against him for failure to state a cause of action pursuant to CPLR 3211 (a) (7); as so modified, the order is affirmed, without costs or disbursement.

An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the defective condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by breach of that duty (*see, Rosales v City of New York,* 221 AD2d 329). "[A]n owner or tenant who negligently repairs a municipal sidewalk may be liable to a person who is injured as the result of that negligent repair" (*Botfeld v City of New York,* 162 AD2d 652, 653).

We agree with the Supreme Court that the plaintiff failed to present evidentiary proof in admissible form to support her allegations that the defendant Mary A. Guinta negligently repaired the subject sidewalk (*see, Winberry v City of New York,* 257 AD2d 618; *Maron v Duell,* 256 AD2d 316). Further, there is no evidence that Mary A. Guinta breached a statutory

duty to maintain the sidewalk, or that she made any special use of the sidewalk area where the appellant fell. Since Mary A. Guinta made out a prima facie case for summary judgment, and the plaintiff's opposition to the motion was little more than conjecture and surmise that she must have negligently repaired the sidewalk, summary judgment dismissing the complaint was properly granted as to that defendant.

The Supreme Court improperly converted the motion by the defendant Peter Guinta to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) into a motion for summary judgment without first providing notice to the parties (see, CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506; *Sopesis Constr. v Solomon,* 199 AD2d 491). "The record does not indicate that the parties charted a 'summary judgment' course of action" (*Matter of Ward v Bennett,* 214 AD2d 741, 743).

However, Peter Guinta's motion to dismiss for failure to state a cause of action should have been granted by the Supreme Court. It is well settled that bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action. When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether she has stated one (see, *Doria v Masucci,* 230 AD2d 764). In the case at bar, the evidentiary record flatly contradicts the conclusory allegations of the plaintiff's amended complaint. Accordingly, Peter Guinta's motion to dismiss as to him for failure to state a cause of action is granted. S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.