■ KANTROWITZ & GOLDHAMER, P. C., Respondent, v KRISTINE GELLER, Also Known as FRITZI GELLER, Appellant. [697 NYS2d 137] —In an action to recover legal fees, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated January 27, 1999, as granted that branch of the plaintiff's motion pursuant to CPLR 3211 (a) (7) which was to dismiss her counterclaim alleging legal malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim alleging legal malpractice. Bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action (*see, Morone v Morone,* 50 NY2d 481; *Meyer v Guinta,* 262 AD2d 463). Where, as here, the moving party offers evidentiary material, the court must determine whether the proponent of the pleading has a cause of action, not whether she has stated one (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Meyer v Guinta, supra; Doria v Masucci,* 230 AD2d 764). When read in conjunction with the evidentiary record, including a stipulation of settlement entered into in open court, the defendant's counterclaim fails to allege any material facts giving rise to a cognizable claim for legal malpractice (*see, Sei Young Choi v Dworkin,* 230 AD2d 780, 782). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.