■ HARRY STEINER, Appellant, v LAZZARO & GREGORY, P. C., et al., Respondents. [706 NYS2d 157] —In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated January 20, 1999, which, upon converting the defendants' motion pursuant to CPLR 3211 (a) (7) to one for summary judgment, granted the defendants summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting the defendants summary judgment and substituting therefor a provision granting the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action; as so modified, the order is affirmed, without costs or disbursements.

The trial court erred when it converted the defendants' motion pursuant to CPLR 3211 (a) (7) to one for summary judgment, since it failed to give notice to the parties (*see,* CPLR 3211 [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635). Nevertheless, the defendants' motion to dismiss the complaint for failure to state a cause of action should have been granted. Where, as here, evidentiary material has been considered, the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275). When read in conjunction with the evidentiary record, the plaintiff's amended complaint fails to allege any material facts giving rise to a cognizable claim for legal malpractice (*see, Kantrowitz & Goldhamer v Geller,* 265 AD2d 529; *Sei Young Choi v Dworkin,* 230 AD2d 780, 782). Further, the plaintiff's second cause of action alleging a breach of contract must be dismissed since the terms of the retainer agreement are not set out in the complaint and, in any event, the retainer agreement does not promise a specific result (*see, Krouner v Koplovitz,* 175 AD2d 531). Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.