■ FRANK PALAZZOLO et al., Appellants, v HERRICK, FEINSTEIN, LLP, et al., Respondents. [751 NYS2d 401] —In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered September 11, 2001, as granted that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and accorded every favorable inference (*see* CPLR 3026; *Leon v Martinez,* 84 NY2d 83, 88). However, bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion (*see Morone v Morone,* 50 NY2d 481; *Kantrowitz & Goldhamer v Geller,* 265 AD2d 529; *Mayer v Sanders,* 264 AD2d 827; *Meyer v Guinta,* 262 AD2d 463, 464; *Doria v Masucci,* 230 AD2d 764, 765; *Franklin v Winard,* 199 AD2d 220).

Attorneys may select among reasonable courses of action in prosecuting their clients' cases without thereby committing malpractice (*see Rosner v Paley,* 65 NY2d 736, 738). Thus, a purported malpractice claim that amounts only to a client's criticism of counsel's strategy may be dismissed as insufficient (*see Dweck Law Firm v Mann,* 283 AD2d 292, 293). Here, the Supreme Court correctly determined that the plaintiffs' complaint failed to state a cause of action on the ground that

the defendants cannot be held liable for choosing a reasonable, although unsuccessful, course of action (*see Darby & Darby v VSI Intl.,* 95 NY2d 308; *Rosner v Paley, supra; Dweck Law Firm v Mann, supra*).

In view of this determination, it is unnecessary to reach the other bases cited by the Supreme Court for dismissal of the plaintiffs' complaint.

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.