[782 NYS2d 470]

Michael Calabrese, M.D., Respondent, v HealthNow New York, Inc., Doing Business as Blue Cross and Blue Shield of Western New York, Appellant.

Fourth Department, October 1, 2004

### APPEARANCES OF COUNSEL

*Jaeckle Fleischmann & Mugel, LLP*, Buffalo (*Mitchell J. Banas, Jr.*, of counsel), for appellant.

*Sullivan Oliverio & Gioia LLP*, Buffalo (*Richard T. Sullivan* of counsel), for respondent.

### OPINION OF THE COURT

MARTOCHE, J.

Supreme Court erred in granting plaintiff's motion for a preliminary injunction and denying defendant's motion to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). We therefore conclude that the order should be reversed.

Plaintiff, a participating physician in defendant's health care plans, commenced a proceeding in October 2002 to compel arbitration of an audit dispute with defendant. Following the issuance of an order granting the petition but before arbitration was conducted, defendant refused to renew plaintiff's contract. Plaintiff then commenced this action, alleging that defendant was in violation of Public Health Law § 4406-d (5) (b) based on its refusal to renew plaintiff's contract. We agree with defendant that the court properly determined that section 4406-d (5) (b), relied on by plaintiff as the basis for his action, is inapplicable herein. We further agree with defendant, however, that the court erred in denying defendant's motion upon determining, sua sponte, that section 4406-d (2) is applicable and that defendant must comply with the due process requirements set forth in that section before refusing to renew plaintiff's contract.

Pursuant to section 4406-d (5) (b), "[n]o health care plan shall terminate a contract or employment, or refuse to renew a contract, solely because a health care provider has . . . filed *a complaint* against the health care plan" (emphasis added). As the court properly determined, section 4406-d (5) (b) is inapplicable because plaintiff's petition to compel arbitration does not constitute a complaint within the meaning of that section. Although section 4406-d does not define the term "complaint," the meaning of that term may be gleaned from section 4406-c, which was enacted along with section 4406-d as part of the same health care reform act (L 1996, ch 705). One of the

recognized purposes of that act was to prohibit health care plans from "penaliz[ing] providers for advocating specific treatments, or for filing a complaint with the government about the quality of care" (Budget Report on Bills, Bill Jacket, L 1996, ch 705; *see* Report on Legislation, Comm on Ins Law, Assn of Bar of City of NY, Bill Jacket, L 1996, ch 705).

Consistent with that purpose, Public Health Law § 4406-c provides in relevant part:

> "3. No health care plan shall by contract, written policy or written procedure prohibit or restrict any health care provider from filing a complaint, making a report or commenting to an appropriate governmental body regarding the policies or practices of such health care plan which the provider believes may negatively impact upon the quality of, or access to, patient care."

Thus, the term "complaint" as used in section 4406-c refers to a complaint filed with the government concerning the quality of or access to patient care. We conclude that, "[i]n the absence of anything in the statute indicating an intention to the contrary," the use of the term "complaint" in section 4406-c should be applied to the use of the same term in section 4406-d, the subsequent section, because both sections concern the same subject matter and were enacted as part of the same health care reform act (McKinney's Cons Laws of NY, Book 1, Statutes § 236).

We further conclude that the court erred in determining, sua sponte, that section 4406-d (2) is applicable herein. That section prohibits a health care plan from terminating a contract with a health care professional without first providing that health care professional with a written explanation of the reasons for the proposed contract termination. That section also prohibits the termination of a contract with a health care professional without first providing an opportunity for a review or for a hearing before a three-person panel that includes a clinical peer in the same discipline and the same or a similar specialty as the health care professional under review. Here, defendant did not "terminate" plaintiff's contract but, rather, refused to renew it. The record establishes that, in April 2003, defendant exercised its option not to renew plaintiff's yearly contract effective June 30, 2003 and thereby afforded plaintiff the 60-day notice required by section 4406-d (3). Section 4406-d (3) expressly provides that any nonrenewal "shall not constitute a termina-

tion for purposes of this section." Indeed, under subdivision (3) of section 4406-d, "[e]ither party to a contract may exercise a right of [nonrenewal] at the expiration of the contract period set forth therein or, for a contract without a specific expiration date, on each January first occurring after the contract has been in effect for at least one year, upon sixty days notice to the other party. . . ." Thus, because section 4406-d (2) applies by its terms only to a termination of a contract rather than to a nonrenewal, we conclude that the court erred in granting plaintiff's motion and denying defendant's motion based on the failure of defendant to comply with section 4406-d (2) by articulating a reason for its refusal to renew plaintiff's contract and by affording plaintiff the right to review or a hearing (*see Lewis v Individual Practice Assn. of W. N.Y.*, 187 Misc 2d 812, 813 [2001]).

Accordingly, we conclude that the order should be reversed, plaintiff's motion denied, defendant's motion granted and the complaint dismissed.

GREEN, J.P., KEHOE and HAYES, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed, on the law, without costs, plaintiff's motion is denied, defendant's motion is granted and the complaint is dismissed.