(November 8, 2004)

■ ZEBA AHMED, Appellant, v GETTY PETROLEUM MARKETING, INC., Respondent. [783 NYS2d 821]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), dated May 14, 2003, which granted the defendant's motion to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (1) and (7), and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In this action against a franchisor by a former franchisee, the Supreme Court properly granted the defendant's motion to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (1) and (7). The allegations of the first cause of action, which as-

serted that the defendant defrauded the plaintiff by failing to provide certain disclosures concerning the history of the business, required under General Business Law § 199-b, were flatly contradicted by documentary evidence demonstrating that the plaintiff received from the defendant a document setting forth the required disclosures (*see Meyer v Guinta,* 262 AD2d 463 [1999]; *Doria v Masucci,* 230 AD2d 764 [1996]; *Gertler v Goodgold,* 107 AD2d 481, 485 [1985], *affd* 66 NY2d 946 [1985]). Contrary to the plaintiff's contention, her signature acknowledging receipt of the disclosure form provided by the defendant conclusively established that the relevant disclosures were made to her, and she proffered no valid excuse for failing to read the acknowledgment or the disclosure form itself, to which her signature was affixed (*see Pimpinello v Swift & Co.,* 253 NY 159, 162-163 [1930]; *Martino v Kaschak,* 208 AD2d 698 [1994]; *Sofio v Hughes,* 162 AD2d 518 [1990]; *Columbus Trust Co. v Campolo,* 110 AD2d 616 [1985], *affd* 66 NY2d 701 [1985]).

Each of the remaining causes of action either was inadequately pleaded or not cognizable under New York law. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur. [*See* 2003 NY Slip Op 50931(U).]