■ Marie McGuire, Respondent, v Sterling Doubleday Enterprises, L.P., et al., Appellants. [799 NYS2d 65]—

In an action to recover damages for negligence, medical malpractice, and breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated September 11, 2003, which denied their motion to dismiss the cause of action alleging medical malpractice as time-barred pursuant to CPLR 3211 (a) (5) and to dismiss the cause of action alleging breach of contract for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the causes of action alleging medical malpractice and breach of contract are dismissed.

This action was commenced on February 20, 2003, well beyond the expiration of the 2½-year statute of limitations. Thus, the cause of action alleging medical malpractice was time-barred.

The plaintiff's assertion that the defendants engaged in purposeful concealment of her medical records which precluded her from timely commencing the cause of action alleging medical malpractice is without support in the record. Rather, the delay in the plaintiff's obtaining such records was occasioned by

the fact that she had a succession of different attorneys contacting the defendants' representative requesting the records in question, which circumstance necessitated the defendants' request for proof of the plaintiff's consent to change attorneys. In fact, in a letter to the plaintiff's third attorney dated May 7, 2002, well before expiration of the 2½-year statute of limitations (*see* CPLR 214-a), the defendants' representative requested proof of the change of the prior attorneys and that request was ignored. It cannot be said on this record that the defendants engaged in concealment. Therefore, the plaintiff's contention that the defendants were equitably estopped from pleading the statute of limitations as an affirmative defense is without merit (*cf. Kamruddin v Desmond,* 293 AD2d 714 [2002]).

We note that on February 20, 2003, the plaintiff, through counsel, certified the merit of the plaintiff's medical malpractice claim pursuant to CPLR 3012-a, belying the plaintiff's position that the supposed inaccessibility to the first aid report impeded the timely pursuit of the action to recover damages for medical malpractice (*see* CPLR 3012-a [d] ["If a request by the plaintiff for the records of the plaintiff's medical or dental treatment by the defendants has been made and such records have not been produced, the plaintiff shall not be required to serve the certificate required by this section until ninety days after such records have been produced."])

That branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of contract also should have been granted. In *Leon v Martinez* (84 NY2d 83, 87-88 [1994]), the Court of Appeals observed that, on a motion to dismiss pursuant to CPLR 3211, "the pleading is to be afforded a liberal construction (*see* CPLR 3026). We accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . ." (*see Cayuga Partners, LLC v 150 Grand,* 305 AD2d 527 [2003] [citations omitted]). Such a motion should be granted only when, even viewing the allegations as true, the plaintiff still cannot establish a cause of action. The standard is not whether the plaintiff has stated a cause of action, but whether the plaintiff has a cause of action (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). However, if in opposing the motion the defendant adduces documentary proof which disproves an essential allegation of the complaint, dismissal

pursuant to CPLR 3211 (a) (7) is warranted (*see Ahmed v Getty Petroleum Mktg., Inc.,* 12 AD3d 385 [2004]; *Steiner v Lazzaro & Gregory,* 271 AD2d 596, 597 [2000]). Although the allegations of the complaint, including the allegation that the plaintiff was an intended third-party beneficiary of the defendants' lease with the City of New York, were sufficient to withstand CPLR 3211 (a) (7) dismissal if considered alone, the proof in opposition adduced by the defendants, specifically, the lease in question, demonstrated that the plaintiff was no more than an incidental (rather than an intended) beneficiary thereunder (*see Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314 [1983]; *Mutuel Ticket Agents, Local 23293 v Roosevelt Raceway Assoc.,* 172 AD2d 595 [1991]; *Strauss v Belle Realty Co.,* 98 AD2d 424 [1983], *affd* 65 NY2d 399[1985]). In these circumstances, the defendants' proof warranted dismissal of the plaintiff's breach of contract claim for failure to state a cause of action (*see Meyer v Guinta,* 262 AD2d 463 [1999]; *see also Ahmed v Getty Petroleum Mktg., supra*; Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3211:25).

As the defendants did not move to dismiss the cause of action alleging negligence, that cause of action remains undisturbed (*see Kantor v Pavelchak,* 134 AD2d 352 [1987]). Cozier, J.P., Smith, Crane and Lifson, JJ., concur.