PETER F. GAITO ARCHITECTURE, LLC, Appellant, v SIMONE DEVELOPMENT CORP., Respondent. [846 NYS2d 368]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated November 3, 2006, as granted those branches of the defendant's motion which were to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

In assessing a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), where evidentiary material is adduced in support of the motion, the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Steiner v Lazzaro & Gregory*, 271 AD2d 596 [2000]; *Meyer v Guinta*, 262 AD2d 463, 464 [1999]). "[B]are legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion" (*Palazzolo v Herrick, Feinstein, LLP*, 298 AD2d 372 [2002]). If the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR 3211 (a) (7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action (*see McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661 [2005]).

In this case, the defendant adduced an unsigned draft agreement which had been the subject of negotiations between the parties. This unsigned draft agreement disproved the plaintiff's allegation that the defendant had verbally concurred with the terms of a preliminary "memorandum of understanding" which the plaintiff had sent to the defendant by e-mail. Under the circumstances, the parties evinced their intent not to be bound until the execution of a formal contract, and no enforceable obligation arose (*see Pelham Commons Joint Venture v Village of Pelham*, 308 AD2d 520, 521 [2003]). Accordingly, the Supreme

Court properly granted those branches of the defendant's motion which were to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a) (7). Goldstein, J.P., Skelos, Dillon and Covello, JJ., concur.