ZURICH DEPOSITORY CORPORATION, Appellant, v IRON MOUNTAIN INFORMATION MANAGEMENT, INC., et al., Respondents. [879 NYS2d 143]—

In an action, inter alia, for a judgment declaring that the plaintiff had exercised its option to renew a commercial lease, the plaintiff appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 8, 2008, as granted those branches of the motion of the defendant Iron Mountain Information Management, Inc., which were to dismiss the third and fourth causes of action pursuant to CPLR 3211 (a) (7), and granted that branch of the motion of the defendant 1165 Northern, LLC, which was to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (1) and (7) and (2), from so much of an order of the same court entered March 19, 2008, as, upon reargument, adhered to so much of the original determination in the order dated January 8, 2008, as granted those branches of the motion of the defendant Iron Mountain Information Management, Inc., which were to dismiss the third and fourth causes of action.

Ordered that the appeal from so much of the order dated January 8, 2008, as granted those branches of the motion of the defendant Iron Mountain Information Management, Inc., which were to dismiss the third and fourth causes of action is dismissed, as that portion of the order was superseded by the order entered March 19, 2008, made upon reargument; and it is further,

Ordered that the order dated January 8, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that the order entered March 19, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Where, as here, evidentiary material has been considered in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Steiner v Lazzaro & Gregory,* 271 AD2d 596, 597 [2000]; *Meyer v Guinta,* 262 AD2d 463, 464 [1999]). "If the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR 3211 (a) (7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action" (*Peter F. Gaito Architecture, LLC v Simone Dev. Corp.,* 46 AD3d 530 [2007]).

In the present case, the documentary evidence submitted by the defendant Iron Mountain Information Management, Inc. (hereinafter Iron Mountain), established that the administration agreement entered into between it and the plaintiff had expired pursuant to its terms in November 2006. Thus, the Supreme Court properly granted that branch of Iron Mountain's motion which was to dismiss the third cause of action alleging, in effect, that Iron Mountain breached the administration agreement in and after December 2006. Moreover, the Supreme Court also properly granted that branch of Iron Mountain's motion which was to dismiss the fourth cause of action alleging, in effect, tortious interference with contract, as the documentary evidence established that no enforceable contract was in effect during the period relevant to the allegations in the fourth cause of action (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]; *Long Is. Pen Corp. v Shatsky Metal Stamping Co.,* 94 AD2d 788, 789 [1983]; *Winer v Glaser,* 3 AD2d 656, 657 [1957]).

In addition, the Supreme Court correctly granted that branch of the motion of the defendant 1165 Northern, LLC (hereinafter Northern), which was to dismiss the fifth cause of action alleging breach of contract based, inter alia, on Northern's alleged failure to negotiate the terms of fair market rent with the plaintiff in good faith. The documentary evidence conclusively established that Northern's obligation to negotiate fair market rent was never triggered in light of the plaintiff's failure to exercise its option to renew in accordance with the terms of the lease (*see Leon v Martinez,* 84 NY2d at 88).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.