In an action, inter alia, to recover damages for fraud and violation of General Business Law § 349, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (J. Golia, J.), dated February 10, 2011, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action alleging a violation of General Business Law § 349.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action alleging a violation of General Business Law § 349 is granted.
A deceptive act or practice is an essential element of a cause of action to recover damages for a violation of General Business Law § 349 (see City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621 [2009]; Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; Wilner v Allstate Ins. Co., 71 AD3d 155, 161-162 [2010]). Contrary to the plaintiffs contention, the loan instrument and other documents submitted by the defendant in support of that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action alleging a violation of General Business Law § 349 demonstrated that the terms of the subject mortgage loan were fully set forth in the loan documents, and that no deceptive act or practice occurred in this case (see Morales v AMS Mtge. Servs., Inc., 69 AD3d 691, 693 [2010]). The plaintiff’s claim that he did not read the documents before executing them is unavailing, since a party who signs a document without any valid excuse for having failed to read it is “conclusively bound” by its terms (Gillman v Chase Manhattan Bank, 73 NY2d 1, 11 [1988]; see KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc., 72 AD3d 650, 650-651 [2010]; Ahmed v Getty Petroleum Mktg., Inc., 12 AD3d 385, 386 [2004]; Sofio v Hughes, 162 AD2d 518, 519-520 [1990]). Indeed, “the fact that the plaintiff sought and received a loan *818 [that] he [allegedly] could not afford does not mean that he can now proceed on a [General Business Law] Section 349 claim against the party that made his [purported] mistake possible” (Hayrioglu v Granite Capital Funding, LLC, 794 F Supp 2d 405, 413 [2011]; see Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169 [2d Dept 2012]). Accordingly, the documentary evidence submitted by the defendant on the motion conclusively established that the plaintiff had no cause of action pursuant to General Business Law § 349.
In view of the foregoing, we do not consider the remaining issues raised by the parties. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.