| **Vall v City of New York** |
|:---:|
| 2024 NY Slip Op 33164(U) |
| September 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162397/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**
*Justice*

PART          05M

----------------------------------------------------------------------X

ELWELY VALL,

                Plaintiff,

                - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION, BATTERY
PARK CITY AUTHORITY, THE BATTERY
CONSERVANCY, BATTERY PARK CITY PARKS
CONSERVANCY CORPORATION

                Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162397/2023 |
| MOTION DATE | 05/15/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to               DISMISS              .

       With the instant motion, Defendants, Battery Park City Authority ("BPCA") and Battery Park City Parks Conservancy Corporation ("BPCP") (collectively, "BP Defendants"), move this court for an order pursuant to CPLR §§ 3211(a)(1) and (7) dismissing Plaintiff Elwely Vall's ("Plaintiff") complaint against them in its entirety. The BP Defendants argue that they neither own, operate, nor maintain the area where Plaintiff alleges he was injured and submit various documents in support of this contention. Plaintiff opposes the motion. For the reasons set forth herein, the motion is granted.

## BACKGROUND AND ARGUMENTS

       This action arises from an incident that occurred on January 4, 2023, at approximately 6:30 p.m., in The Battery, a public park in Manhattan. Plaintiff asserts that he sustained serious personal injuries after his bicycle struck a defective and unsafe tree well located within The Battery. Specifically, the accident occurred near the intersection of Battery Place/West Street and State Street. Plaintiff contends that the BP Defendants are liable for his injuries due to their alleged ownership, operation, and maintenance of the accident site.

       The BP Defendants, however, dispute this claim. The BP Defendants argue that they do not own, operate, or maintain the area where the accident occurred, and therefore, they cannot be held liable for Plaintiff's injuries. In support of their motion, the BP Defendants submit documentary evidence, including a 1969 Master Lease Agreement, a 1971 Master Lease Agreement, a 1983 Deed, a 2015 Land Survey, a New York City tax map, a lease agreement for

162397/2023   VALL, ELWELY vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 1 of 4

[* 1]

Pier A, and an affidavit from Gwen Dawson, Vice President of Real Property for BPCA. The BP Defendants assert that this evidence conclusively establishes that they do not own or control the location where the incident occurred, and thus, they have no duty to maintain it. Indeed, the BP Defendants move to dismiss the complaint on two primary grounds: (1) under CPLR § 3211(a)(1) for failure to establish a cause of action due to documentary evidence; and (2) under CPLR § 3211(a)(7) for failure to state a claim. They argue that the documents submitted, which delineate the boundaries of their property and leaseholds, unequivocally exclude the location of Plaintiff's accident. Thus, they assert that they owe no duty to Plaintiff. The BP Defendants further argue that even if the court were to accept the plaintiff's allegations as true, the complaint fails to state a cause of action because there is no legal duty owed by the BP Defendants to Plaintiff. The BP Defendants contend that a finding of negligence must be premised upon the breach of a duty, and where no such duty exists, there can be no liability.

Plaintiff opposes the motion, arguing that the BP Defendants' evidence does not qualify as "documentary" under CPLR § 3211(a)(1) and that, even if it did, it fails to utterly refute the Plaintiff's claims. Specifically, Plaintiff contends that the affidavit and job posting are inadmissible as documentary evidence and that the remaining documents do not conclusively establish the BP Defendants' lack of ownership or control over the accident site. Plaintiff further asserts that the complaint adequately states a cause of action against the BP Defendants.

## DISCUSSION

### A. Dismissal Under CPLR § 3211(a)(1)

Under CPLR § 3211(a)(1), a complaint may be dismissed if the documentary evidence submitted conclusively establishes a defense to the claims asserted. The documentary evidence must be unambiguous, authentic, and undeniable (*Leon v. Martinez*, 84 N.Y.2d 83, 88 [1994]). Here, the BP Defendants have submitted substantial documentary evidence, including the 1969 and 1971 Master Lease Agreements, the 1983 Deed, the 2015 Survey, and the New York City tax map. These documents clearly delineate the boundaries of BPCA's property and conclusively establish that the location of Plaintiff's accident is outside these boundaries. The 1983 Deed specifically shows that the eastern boundary of BPCA's property lies west of West Street/Route 9A and excludes the area where Plaintiff's accident occurred. Furthermore, the 2015 Survey and tax map confirm that BPCA's property does not include The Battery, where the incident took place.

In the case *Amsterdam Hospitality Group, LLC v. Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432 (1st Dept 2014), the Appellate Division, First Department, emphasized that documentary evidence must utterly refute the plaintiff's allegations to warrant dismissal under CPLR § 3211(a)(1). Here, the documentary evidence submitted by the BP Defendants not only meets this standard but unequivocally demonstrates that BPCA has no ownership or control over the location in question.

Trial courts have previously determined, in scenarios analogous to the one presented here (*see Ricardo D. Rivera v. City of New York, et al.*, Index No. 157551/2018 [Sup Ct, NY County 2018]; *Travis T. Maclean Cook v. Samuel S. Silva*, Index No. 154561/2017 [Sup Ct, NY County 2017]), that such documentary evidence is sufficient to establish a defense as a matter of law,

[* 2]

leading to the dismissal of the complaints in those cases. The documentary evidence provided here is equally compelling and mandates the same result.

Plaintiff has not challenged the authenticity or accuracy of these documents. To be sure, Plaintiff's opposition is devoid of facts or law that refutes the documentary evidence presented by the BP Defendants. Instead, Plaintiff contends that the BP Defendants have failed to conclusively establish that they are not responsible for the accident location. However, this argument must fail because the documentary evidence provided by the BP Defendants unambiguously refutes any claim of ownership or control over the accident location. As established in *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 326 (2002), documentary evidence must conclusively establish a defense as a matter of law, and in this case, the BP Defendants have satisfied that requirement. Therefore, the BP Defendants have conclusively established a defense as a matter of law, and dismissal under CPLR § 3211(a)(1) is warranted.

### B. Dismissal Under CPLR § 3211(a)(7)

Under CPLR § 3211(a)(7), a complaint may be dismissed if it fails to state a cause of action. The court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (*Leon v. Martinez*, 84 N.Y.2d 83, 87 [1994]). However, conclusory allegations and bare legal conclusions are insufficient to withstand a motion to dismiss (*Meyer v. Guinta*, 262 A.D.2d 463, 464 [2d Dept. 1999]).

Here, Plaintiff's complaint alleges negligence on the part of the BP Defendants based on their purported ownership, operation, and control of the area where the accident occurred. However, as established by the documentary evidence, the BP Defendants do not own, operate, or control the location of the accident. As such, they owe no duty to the plaintiff concerning the maintenance of the tree well or the surrounding area.

In *Pasternack v. Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 825 (2016), the Court of Appeals reiterated that the existence of a duty is a threshold question in negligence cases. In the absence of a duty, there can be no breach, and without a breach, there can be no liability. Plaintiff's complaint fails to allege any facts that would establish a duty owed by the BP Defendants to Plaintiff. Therefore, the complaint fails to state a cause of action for negligence against the BP Defendants.

This case stands in stark contrast to those instances where a plaintiff may trip and fall in an area under construction, where legitimate questions of ownership and control of the location might remain unresolved. In such scenarios, one might argue that a party engaged in construction could potentially exert ownership and control over the accident site. Even if evidence were to challenge such ownership, liability could still be imposed if the plaintiff were to allege, with specificity, that the party caused or created a defective condition.

However, this case presents no such ambiguity. Here, ownership and control of the location have been categorically and conclusively refuted. Plaintiff's pleadings are conspicuously devoid of any factual assertions that would suggest how the BP Defendants could have caused or contributed to the alleged defect. This omission is not merely a technical deficiency; it strikes at

162397/2023   VALL, ELWELY vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 3 of 4

3 of 4

the very heart of the claim. Plaintiff offers nothing beyond mere conjecture to support any inference, favorable or otherwise, that the BP Defendants bear responsibility for the accident.

Thus, even when affording Plaintiff every possible favorable inference, the complaint fails to state a viable cause of action against the BP Defendants. To allow this case to proceed would be akin to permitting a plaintiff to pursue a claim based on the slenderest of reeds, unsupported by the requisite factual foundation. Accordingly, the complaint cannot be sustained.

In sum, the BP Defendants have provided unambiguous and conclusive documentary evidence demonstrating that they do not own, operate, or maintain the location where Plaintiff's accident occurred. As a result, they owe no duty to Plaintiff and cannot be held liable for his injuries. Accordingly, it is hereby

ORDERED that the BP Defendants' motion to dismiss the complaint pursuant to CPLR §§ 3211(a)(1) and (7) is granted in its entirety; and it is further

ORDERED that the complaint against the BP Defendants is hereby dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of the BP Defendants' accordingly.

This constitutes the decision and order of the court.

20240910100288HKINGO58E...X0C1024CAABBC6F34E91B32F34

**9/10/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

CHECK ONE:    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

              [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**162397/2023  VALL, ELWELY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]